Battle. J.
 

 The judgments confessed by the
 
 present
 
 defendant Dayton, although there was no process to bring him into Court, were regular and proper.
 
 State
 
 v.
 
 Lane,
 
 1. Ired. Rep. 264. But they were not connected with those against Keith, so as to make them joint against both. They were indeed given and accepted by fhe State, as a payment of those against Keith, for which he was ordered into custody until the fine and costs, which were adjudged against him, should be paid. Pie could be discharged by the consent of the State, by payment of the judgments or by taking the oath for the relief of insolvents.
 
 State
 
 v.
 
 Johnson,
 
 1 Hay. Rep. 293. The State, by its proper officer agreed to accept the judgments confessed by Dayton, as a payment or satisfaction of those against Keith, in order that he might be discharged from
 
 *455
 
 custody. They were judgments against Dayton alone, and the executions issued upon them should have been against him only. Not having been so, the executions were irregular and void and the purchaser of the land sold under them acquired no title by his purchase.
 
 Dobson
 
 v.
 
 Murphy,
 
 1 Dev. & Bat. Rep. 586.
 
 Blanchard
 
 v.
 
 Blanchard,
 
 3 Ired. Rep. 105.
 
 Collins
 
 v.
 
 McLeod,
 
 decided at the late June Term of this court in Raleigh.
 

 The judgment must be affirmed.
 

 Pee Cukiam. Judgment affirmed